Filed 4/28/26  P. v. Benton CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND JOSEPH BENTON,<br>    Defendant and Appellant. | C103518<br><br>(Super. Ct. No. MAN-CR-FDV-2024-0004865) |

Appointed counsel for defendant Raymond Joseph Benton asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In May 2024, defendant and his girlfriend got into an argument.  Defendant struck her in the head and made her stay at his home, telling her the only way she was leaving was in a body bag.

In February 2025, defendant pleaded no contest to criminal threats (Pen. Code. § 422, subd. (a)),[1] and he admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).  Consistent with the plea agreement, the trial court sentenced defendant to the

---

[1] Undesignated statutory references are to the Penal Code.

1

low term of 16 months in prison, doubled to 32 months for the prior strike conviction. It awarded 586 days of presentence credit and imposed a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/S/

MAURO, Acting P. J.

We concur:


/S/

RENNER, J.


/S/

FEINBERG, J.

2